conclusion is founded on reason, and is supported by authority of cases decided under similar constitutional provisions in the States of Pennsylvania and Washington.

*Donohugh vs. Roberts, 11 Wkly. Notes Cas., 186; Com. vs. Weir, 165, Pa. 284—30 Atl., 835; Bogue vs. City of Seattle ( Wash.) 53 Pac., 548.*

We conclude that the office of the relator was abolished by the act of March 12, 1901, and that after that date he is not entitled to receive the salary provided for State detective under said *Chapter 64 of 21 Laws Delaware.*

It is ordered that this opinion be certified by the Prothonotary to the Superior Court in and for New Castle County.

———•———

## STATE *vs.* HENRY M. WHITE.

*Criminal Law—False Pretenses; Obtaining Money By—Statute ; How Construed—" Other Person ;" Covers What— County Government—False Pretense by Acts, Signs or Tokens—Description of the Property Obtained.*

The indictment in this case for obtaining money by false pretense, held by the Court, after full discussion and the citation of authorities, to be sufficient.

(*November 14, 1901 ; January 13, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward,* Attorney-General and *Robert H. Richards,* Deputy Attorney-General, for the State.

*Alexander B. Cooper* and *John H. Rodney* for the defendant.

Court of General Sessions, New Castle County, November Term, 1901.

INDICTMENT FOR OBTAINING MONEY BY FALSE PRETENSES (No. 37, November Term, 1901).

The indictment was as follows:

"NOVEMBER TERM, 1901.
*"New Castle County, ss:*

"THE GRAND INQUEST FOR THE STATE OF DELAWARE, and the body of New Castle County, on their oath and affirmation, respectively, DO PRESENT:

"That Henry M. White, late of New Castle Hundred, in the County aforesaid, on the twenty-first day of March, in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms, at Wilmington Hundred, in the County aforesaid, designing and intending to cheat and defraud a certain Horace G. Rettew, the said Horace G. Rettew then and there being the Receiver of Taxes and County Treasurer of the County of New Castle aforesaid, of certain money, goods, chattels and property, unlawfully, knowingly and designedly did then and there falsely pretend to a certain George D. Kelley, the said George D. Kelley then and there being the County Comptroller for the County of New Castle aforesaid, that a certain Henry A. Enos, commonly known as Harry Enos, of the County of New Castle aforesaid, had done, performed and furnished certain work and Labor for the said County of New Castle to the value of sixty-two dollars and twenty-five cents, the which false pretence was embodied in a certain false and pretended bill, whereas, in truth and in fact, the said Henry A. Enos had not then and there done, performed, and furnished the

said certain work and labor as so falsely pretended as aforesaid, which said bill was then and there in the following words and figures, to wit:

" 'Wilmington, Del., March 21st, 1899.

" ' LEVY COURT, NEW CASTLE COUNTY,

" ' To Harry Enos or Bearer, Dr.

" ' Fourth District.

" ' To work for County .................................................$62.25

" ' Rec. Pay,

" ' H. M. WHITE, L. C. C.'

which said false and pretended bill the said Henry M. White then and there further falsely pretended to the said George D. Kelley, the said County Comptroller for the said County of New Castle, had been duly rendered by the said Henry A. Enos in and by the name of Harry Enos or bearer, whereas, in truth and in fact the said bill had not been so rendered by the said Henry A. Enos, and which said bill, in furtherance of the said false pretence and pretences and of the said design and intention of the said Henry M. White to cheat and defraud the said Horace G. Rettew, the Receiver of Taxes and County Treasurer of said County as aforesaid, was then and there made by him, the said Henry M. White, and then and there, in furtherance of said false pretence and pretences and of said design and intention so to cheat and defraud as aforesaid, the said bill was by him, the said Henry M. White, presented to the said George D. Kelley, said County Comptroller for New Castle County, for the approval of him, the said George D. Kelley, said County Comptroller, the said Henry M. White then and there and thereby further falsely pretending to the said George D. Kelley, County Comptroller as aforesaid, that the said Henry A. Enos was entitled to receive pay for the work and labor so falsely pretended to have been done, performed and furnished as aforesaid as falsely so shown as aforesaid, whereas, in truth and in fact the said Henry A. Enos was not then and there entitled to receive pay for the said work and labor so falsely pretended to have been done, performed and furnished as

aforesaid, and which said bill was then and there, by color, means and force of the said false pretence and pretences of him, the said Henry M. White, approved by the said George D. Kelley, County Comptroller as aforesaid, by imprinting and writing upon the face of said bill his official certification to the correctness thereof in manner and form and in the words and figures as follows:

" ' CORRECT.

Mar. 21, 1899.

G. D. KELLEY.

*Comptroller.'*

as he, the said Henry M. White, then and there well knew, and which said pretence and pretences the said Henry M. White then and there knew to be false, and which said bill now bears the imprint of a stamp containing the following words and figures, to wit:

" ' LEVY COURT, NEW CASTLE CO., DEL.,

Mar. 21, 1899.

APPROVED.'

by color, force and means of which said false pretence and pretences he, the said Henry M. White, did then and there unlawfully, knowingly and designedly secure, obtain and cause to be made and drawn, in further pursuance of said false pretence and pretences and of said design and intention of the said Henry M. White so to cheat and defraud as aforesaid, a certain warrant bearing date the twenty-first day of March A. D., one thousand eight hundred and ninety-nine, directed to the Receiver of Taxes and County Treasurer for said New Castle County, being the said Horace G. Rettew, and commanding him the said Receiver of Taxes and County Treasurer, being him, the said Horace G. Rettew, to pay to the order of Harry Enos or bearer the sum of sixty-two dollars and twenty-five cents, the which said certain warrant was signed by William A. Scott by the style of W. A. Scott, as president of the Levy Court of said New Castle County, and countersigned by the said George D. Kelley, by the style of G. D. Kelley, as County Comptroller for

INDICTMENT.

said New Castle County, and the which County warrant was then and there in the following words and figures, to wit:

" 'Wilmington, Del., Mar. 21, 1899.  189.  No. 18893.

" 'Receiver of Taxes and County Treasurer,
" 'New Castle County, Delaware.

" 'Pay to the order of Harry Enos or Bearer Sixty-two— 25 Dollars ($62.25), and charge to appropriation for ...... 4th Dist.

" 'W. A. Scott,
" '*President Levy Court, New Castle County.*

" 'Countersigned:
" 'G. D. Kelley, *Comptroller.*'

which said certain warrant the said Henry M. White then and there, in further pursuance of the said false pretence and pretences and of the said design and intention of said Henry M. White to so cheat and defraud the said Horace G. Rettew, Receiver of Taxes and County Treasurer as aforesaid, received into the possession of him, the said Henry M. White; and the said Henry M. White having so as aforesaid unlawfully, knowingly and designedly secured and obtained and caused to be drawn the said certain warrant, and having so as aforesaid received the same into the possession of him, the said Henry M. White, in further pursuance of said false pretence and pretences and of the said design and intention of said Henry M. White so to cheat and defraud the said Horace G. Rettew, Receiver of Taxes and County Treasurer as aforesaid, then and there did endorse the said certain warrant with the name of him, the said Henry M. White, under the style of H. M. White; and in further pursuance of the said false pretence and pretences and of the design and intention of the said Henry M. White so to cheat and defraud the said Horace G. Rettew, Receiver of Taxes and County Treasurer as aforesaid he, the said Henry M. White, then and there did cause and procure the said certain warrant then and there

to be paid and cashed out of the funds, cash and monies then and there the property and in the possession and control of him, the said Receiver of Taxes and County Treasurer; and in further pursuance of said false pretence and pretences and said intent so to cheat and defraud him, the said Horace G. Rettew, the said Receiver of Taxes and County Treasurer, the said Henry M. White, did then and there receive into his possession the cash and money, being the proceeds of the said warrant, and did then and there convert the sum of fifty-four dollars and seventy-five cents, being part and parcel of the said proceeds of said warrant to his own use; and then and there well knowing the said pretence and pretences to be false, he the said Henry M. White, by force, color and means of the said false pretence and pretences, and by force and virtue of the premises, did then and there unlawfully, knowingly and designedly obtain from the said Horace G. Rettew, Receiver of Taxes and County Treasurer for said New Castle County as afore-aid, sundry coins, the kind and denomination of which are, to the Grand Inquest, unknown, of the aggregate value of fifty-four dollars and seventy-five cents, lawful money of the United States of America, and certain paper money, the kind and denomination of which are, to the said Grand Inquest, unknown, of the aggregate value of fifty-four dollars and seventy-five cents, like lawful money as aforesaid, of the money, goods, chattels and property of the said Horace G. Rettew, Receiver of Taxes and County Treasurer as aforesaid, which said money, goods, chattels and property the said Henry M. White then and there as aforesaid obtained unlawfully, knowingly and designedly from the said Horace G. Rettew, the said Receiver of Taxes and County Treasurer for said County, with intent then and there, and by means of the premises, to cheat and defraud the said Horace G. Rettew, Receiver of Taxes and County Treasurer of said County, to the great damage of the said Horace G. Rettew, said Receiver of Taxes and County Treasurer for said New Castle County, against the form of an Act of the General Assembly in

such case made and provided, and against the peace and dignity of the State.

"HERBERT H. WARD,

"*Attorney-General.*

"By ROBERT H. RICHARDS,

" *Deputy Attorney-General.*"

*A. B. Cooper,* moved the Court to quash the indictment:

This is purely a statutory offense, and is unknown to the common law.

Being such, it has always been strictly construed both as to *words* and *spirit.*

Its origin and object was to protect trade and credit.

See preamble to statute of George II. *2 Wharton C. L., 2069.*

Our statute follows the English statute of George IV.

*2 Wharton C. L., 2069; Rev. Code, 967.*

### PROPOSITIONS OF LAW.

1. The statute does not apply to a case of this kind. The words " *other person* " do not apply to or include a county govern ment, or *quasi* corporation—It applies to the same character of person, first named in the act, and to which it relates.—A " person who shall obtain from any *other person,*" etc., etc. Clearly that person is intended to be a private person or individual, a natural person, one who is capable of both *speaking* and *acting* falsely, and one who is liable to the penalty of imprisonment and is capable of committing the same crime as the person first named.

If this be so, it is clear that a county government (the prosecutor or *quasi* corporation cannot commit this crime, or larceny, which is identical in principle.

It can neither talk, be imprisoned, or be guilty of malicious or criminal intent. The word " person " as used in the statute, is a person capable of all.

The intent in this case is to defraud the government of New Castle County, which can not be construed to be a person within either the words, spirit or operation of the statute.

. *Heard Crim., Pld., 167; 2 Bishop C. L., 415 ; Jones on Neg. Mun. Corp., 33, and Note ; 1 Bishop, C. L. 417, 422 ; 1 Wharton C. L., 85, 88; Jones Neg. Mun. Corp., 19 ; Bishop Stat. Crimes, 212, 245.*

The statute could not apply to a county unless expressly so stated in it.

2. The only false pretense alleged, is that the defendant, falsely represented to George D. Kelley, the Comptroller, " That Henry A. Enos had done, performed and furnished certain work, and labor for the County of New Castle, amounting to $62.25 and thereby obtained his approval of the bill, and this not by words, but by the simple presentation of an alleged false bill.

What is a " false pretense ", is a question of law. If, from the facts alleged it is not a false pretense at law, the indictment must be quashed.

*Heard Crim. Pld., 164, 165* and *Note.*

(a) It has been decided that where one has like means of knowledge, or of ascertaining whether the pretense be true or false, the statute does not apply. This broad rule may perhaps be modified.

(b) But where it is the absolute legal duty of the person to whom it is made, to ascertain its truth for himself; has sworn so to do and bonded for that purpose and given all the means of so doing, *a fortiori*, the statute does not apply—The bill on its face to Harry Enos or bearer, notified him that inquiry should be made.

*Rev. Code, 95 ; 2 Bishop C. L., 432, a ; 12 Am. & Eng. Ency. (New Ed.), 818, 819 ; 11 Allen, 266.*

3. The indictment alleges all the facts :—The false pretenses to the Comptroller and his approval of the bill ; then follows a statement of the various and distinct matters ; of the approval by the Levy Court, the order drawn and signed and finally, as a result of the whole, the obtaining of the money from Horace G. Rettew, the County Treasurer.

Rettew, from the facts, knew nothing of the pretense; cared nothing for it; all he knew was the legal warrant, which he was bound to pay, pretense or no pretense. He was not influenced by it in the slightest degree. The cause alleged and the effect are too remote.

RULE.—There must be a direct or proximate connection between the pretense and the obtaining of the money. The false pretense must be relied upon by the person from whom the money is obtained. It must prevail upon him and be the moving cause. His mind must be affected by it and he must part with the money, believing the pretense to be true.

TEST QUESTIONS:

(a) Would he have paid the order without the pretense?— Bound to do it.

(b) In criminal actions a trespass is included, and a civil action also lies. Could White be sued by the county for this, money? And, if so, would not the production of the legal order be a full defense?

The only proximate connection, as alleged in the indictments is between the alleged pretense and the obtaining of the order.

If I, by false pretense get a genuine check and get it cashed at the bank, out of the general funds of the bank, I am not guilty of obtaining money, only of the check. So here, if it is any offense under the statute it would be for obtaining the order.

*2 Bishop C. L., 432, 461, 462, 463, 483 ; 2 Wharton C. L., 2120, 2124, 2127, 2127 a, 2135, 2162 ; 12 Am. & Eng. Ency. Law (New Ed.), 814 ; 82 N. Y. App., 239 ; 7 Wisc.,\* 676 ; 4 Barbour 151 ; 1 Cushing, 33 ; 19 Pickering, 179, 183.*

4. The property or money obtained is not described in the indictment with sufficient particularity. It must give the character and denomination of the coin and of the notes.

The description must be the same as in larceny, before our statute, which relates solely to larceny.

*Code, 981 ; 2 Wharton C. L., 2157 ; Heard Crim. Pld., 109.*

These are new questions before this Court, and the Court should construe this statute as other Courts have construed similar statutes, strictly and favorable to the defendant; leaving out of consideration whether there has been any other offense committed at the Common Law or not, and without at this time suggesting any, if such exists. But we submit that there is ample remedy or means provided by the Common Law to meet just such a case as this.

(The State in reply cited the following authorities and urged the following propositions in support of the indictment):

I. *Rev. Code, 43.*

II. The expression of a false pretense is not confined to words alone but may be by acts, signs or tokens. This proposition is elementary.

III. The original false pretense made to the Comptroller colored and tainted each subsequent step in the transaction to its final conclusion and the obtaining of the money.

*State vs. Lynn, 3 Pennewill, 316 ; People vs. Genet, 19 Hun (N. Y.), 96.*

LORE, C. J.:—After listening to the able arguments made by counsel on both sides in this case, we see no reason for quashing this indictment, and, therefore, refuse to quash it.

(On January 13, 1902, the defendant entered a plea of guilty.)